IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARIO CERVANTES CAMACHO,<br><br>Petitioner,<br><br>v.<br><br>PETER BERG, Director, United States Immigration and Customs Enforcement St. Paul Field Office, in his official capacity;[1] TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement, in his official capacity; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, in his official capacity; TODD BLANCHE, Acting Attorney General of the United States, in his official capacity; [2] DONALD J. TRUMP, President of the United States, in his official capacity; and WARDEN OF MCCOOK,<br><br>Respondents. | **8:26CV113**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on petitioner Mario Cervantes Camacho's ("Cervantes Camacho") Motion for Order to Show Cause (Filing No. 11) why his Amended Petition for Writ of Habeas Corpus (Filing No. 6) pursuant to 28 U.S.C. § 2241 should not be granted. Cervantes Camacho names as respondents Peter Berg, purported Director of the St. Paul Field Office of ICE; Todd M. Lyons, Acting Director of ICE;

---

[1]Peter Berg retired from United States Immigration and Customs Enforcement ("ICE") in June 2025. David Easterwood appears to be the current Director of the St. Paul Field Office for ICE.

[2]Markwayne Mullin was sworn in March 24, 2026, and is automatically substituted for his predecessor, Kristi Noem. *See* Fed. R. Civ. P. 25(d). Todd Blanche, the Acting Attorney General of the United States, is likewise substituted for his predecessor, Pamela Bondi. *See id.* The Clerk of Court is directed to make those changes on the docket sheet.

Markwayne Mullin, Secretary of the United States Department of Homeland Security; Todd Blanche, Acting Attorney General of the United States; Donald J. Trump, President of the United States; and the "Warden of McCook," which the Court understands to be the warden of the McCook ICE detention facility where Cervantes Camacho says he is held (the "warden" and collectively, the "respondents").

Cervantes Camacho was born in Mexico but has been residing in the United States since 2001. Although he has not been criminally charged, ICE officers detained him after receiving a tip that he was providing fraudulent immigration documents.[3] Cervantes Camacho argues his detention violates (1) the statutory scheme set forth in 8 U.S.C. §§ 1225 and 1226; (2) his procedural- and substantive-due-process rights under the Fifth Amendment to the United States Constitution; and (3) the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* For the reasons explained below, the Court will deny both the motion to show cause and the habeas petition.

## I.    DISCUSSION

### A.    Habeas Corpus

Unless suspended, "the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). Under § 2241, the writ is extended to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 473, 483 (2004). Because Cervantes Camacho is reportedly detained within the geographical boundaries of this district, this Court possesses habeas jurisdiction. *See* 28 U.S.C. § 2241(a).

---

[3]The facts in Cervantes Camacho's petition are incredibly sparse. He does not specify how he arrived, whether he was lawfully admitted or paroled, nor why he is charged as removable.

2

While 28 U.S.C. § 2243 generally requires the Court to order the warden to "show cause why the writ should not be granted," it need not do so if "it appears from the application that [Cervantes Camacho] is not entitled" to relief. 28 U.S.C. § 2243. Here, the petition fails on its face because it appears from the application that he is not. *See id.*

**B.     Section 1225(b)(2)**

Cervantes Camacho's amended petition claims § 1225(b)(2) does not apply to him (Filing No. 6). But he acknowledges in his motion to show cause that binding authority from the Eighth Circuit's recent decision forecloses this argument. *See Avila v. Bondi*, No. 25-3248, 2026 WL 819258, at *5-6 (8th Cir. Mar. 25, 2026) (holding that aliens who are "applicants for admission" under 8 U.S.C. § 1225(a) are also "seeking admission" and thus subject to mandatory detention under § 1225(b)(2)). With that, the Court turns to his remaining arguments.

**C.     Procedural and Substantive Due Process**

Cervantes Camacho insists he has a "separate" claim that the government's refusal to provide him an individualized custody hearing violates both his procedural- and substantive-due-process rights under the Fifth Amendment. In his view, his petition states an "as-applied challenge to [his] detention without any meaningful opportunity to obtain release." *See, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (applying the *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), balancing test to conclude that the Fifth Amendment's Due Process Clause requires a bond hearing for an applicant for admission detained under 8 U.S.C § 1225(b)(2)).[4]

---

[4]Although Cervantes Camacho has provided some interesting district-court cases on the issue, district-court decisions are only persuasive authority. *See Stud & Components, Inc. v. Am. Eagle Design Build Studios, LLC*, 588 F.3d 963, 967 (8th Cir. 2009) ("[O]ne district court is not bound by the holdings of others, even those within the same district."). As it must, this Court follows the Eighth Circuit and the United States Supreme Court. *See Hood v. United States*, 342 F.3d 861, 865 (8th Cir. 2003).

3

Though Cervantes Camacho maintains his petition states a separate claim for substantive and procedural due process, the petition tells a different story. His "causes of action" are sparse and "reallege[ ] and incorporate[ ] the allegations contained in the preceding paragraphs of the petition"—most of which lay out the statutory framework of 8 U.S.C. §§ 1225 and 1226. The majority of the incorporated paragraphs argue Cervantes Camacho was detained under 1226(a), not § 1225(b)(2). In any event, the Court finds the arguments Cervantes Camacho has presented in support of his due-process claims are unpersuasive. *See Mendez Leiva v. Berg*, No. 4:26CV3023, 2026 WL 948430, at *2-5 (D. Neb. Apr. 8, 2026).

### D.    Administrative Procedure Act

Finally, Cervantes Camacho contends that his detention violates the APA, 5 U.S.C. § 551 *et seq.*, because it is "arbitrary [or] capricious," "contrary to constitutional right," or "in excess of statutory jurisdiction, authority, or limitations." *See* 5 U.S.C. § 706(2). APA review in this context makes little sense. To state a claim under the APA, Cervantes Camacho must show "there is no other adequate remedy in court." *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992); *see also* 5 U.S.C. § 704. Although Cervantes Camacho pays lip service to that requirement, the Court finds that "habeas corpus, not the APA, is the proper vehicle" for his claims. *Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (explaining that "habeas corpus, not the APA, is the proper vehicle" for review of detention and removal of aliens under the Alien Enemies Act) (Kavanaugh, J., concurring).

Moreover, Cervantes Camacho's own allegations demonstrate there has been no final agency action in his case. *See Union P. R.R. v. U.S. R.R. Ret. Bd.*, 162 F.4th 908, 917 (8th Cir. 2025) (explaining that chapter 7 of the APA "makes judicial review available for 'final agency action for which there is no other adequate remedy in a court'" (quoting 5 U.S.C. § 704)). He states he "fully intends to request bond from the [immigration judge ("IJ")] at his [April 22, 2026,] hearing, however he believes that this request will be denied based on the *Yajure* decision." *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) (holding that IJs lack authority to hear bond requests or to grant bond to aliens like

Cervantes Camacho who are present in the United States without admission).  As the party purportedly seeking APA review, Cervantes Camacho must show that the challenged action "mark[s] the consummation of the agency's decision-making process" and is not "merely tentative or interlocutory in nature." *Union P.R.R.*, 162 F.4th at 817.  There is nothing in his petition to suggest that his challenge to detention is not "tentative or interlocutory in nature." *Id.*  And setting those hurdles aside, the Court doubts it could say denying Cervantes Camacho a bond hearing is "not in accordance with the law." *See Avila*, 2026 WL 819258, at *5-6.

Cervantes Camacho generally bears the burden of proving that his detention is unlawful. *See Maye v. Pescor*, 162 F.2d 641, 643 (8th Cir. 1947) (noting in a "habeas corpus proceeding, the burden [is] upon [the petitioner] to establish some or all of the charges in his petition"); *Copenhaver v. Bennett*, 355 F.2d 417, 422 (8th Cir. 1966) (same).  As difficult and likely frustrating as his situation is, his arguments do not persuade the Court that his detention violates the Fifth Amendment, the INA, the APA, or any other statute.  Accordingly,

IT IS ORDERED:

1. Petitioner Mario Cervantes Camacho Motion for an Order to Show Cause (Filing No. 11) is denied.
2. Cervantes Camacho's Amended Petition for Habeas Corpus (Filing No. 6) is denied in its entirety.
3. A separate judgment will issue.

Dated this 17th day of April 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge